CENTRAL HANOVER BANK AND TRUST COMPANY *v.* WHEELER, executor, *et al.*

No. 9548. February 20, 1934. Rehearing denied March 3, 1934.

*Smith & Smith,* for plaintiff.

*W. H. Dorris, Jay & Garden, J. H. Tipton, W. E. Grubbs,* and *Strozier & Gower,* for defendants.

BECK, P. J. The Central Hanover Bank and Trust Company filed its petition against John L. Wheeler as executor of the will of H. C. Wheeler, deceased, Mrs. Pauline (H. C.) Wheeler, and others. The defendants filed demurrers and answers. The court sustained the demurrers. The plaintiff presented a motion for a rehearing, and to set aside the judgment on the demurrers. On a subsequent date the court entered an order so modifying the first judgment as to allow the plaintiff's action to proceed against Mrs. H. C. Wheeler and John L. Wheeler individually, and against the life-estate of Mrs. H. C. Wheeler, but overruled the motion to reconsider the judgment on the demurrers. The plaintiff excepted. It insists that its petition is one to subject the estate of H. C. Wheeler to the payment of a debt which was incurred by John L. Wheeler as executor of the estate of H. C. Wheeler in the administration in pursuance of the powers granted to the executor in the will, and to marshal the assets of the estate in which the other defendants are interested as legatees and creditors, but that under the judgment of the court the plaintiff is allowed to subject to the payment of the debt only the property of John L. Wheeler and Mrs. H. C. Wheeler and the interest of Mrs. Wheeler under the will.

From the allegations of the petition it appears that "The estate of said H. C. Wheeler consisted in part of farm land, farm supplies and equipment, and by said will said executor was given the control and management of said farm land, with the power to continue said farm operations for such time as he and said Mrs. Pauline [H. C.] Wheeler might deem necessary or expedient; and said executor has, under and by virtue of said power, held and operated said farms and in doing so incurred the indebtedness now held by plaintiff as hereinafter set out. The farming operations carried on by said executor were extensive, and until recent years profitable. The difficulties in the farming business in recent years made it necessary for said executor to incur debts to carry on said operations." Then follows a statement of amounts borrowed from the American Bank & Trust Company and the dates of the loans, which

amounts it is alleged were placed to the credit of John L. Wheeler, executor. Further allegations show that the executor and Mrs. H. C. Wheeler executed to the bank a note for $8000, and that the sums which are referred to as having been borrowed were checked out by the executor to pay the regular and ordinary expenses of operating the farms, and that "all said sums were used and expended as authorized by the will." It is alleged that the indebtedness represented by the note referred to was originally payable to the American Bank & Trust Company, and was incurred in operating the property under the power contained in the will, and is, "in addition to being the individual obligation of John L. Wheeler and Mrs. H. C. Wheeler, an obligation of the estate of H. C. Wheeler, and should be paid out of the property of said estate as expenses of the administration." The prayers of the petition are, in part, that plaintiff have judgment against John L. Wheeler and John L. Wheeler as executor of the will of H. C. Wheeler, to be levied on the goods and chattels, lands and tenements of H. C. Wheeler in his hands for administration, and the property of Mrs. H. C. Wheeler; that the judgment be established as an expense of administering the estate of H. C. Wheeler, and that the same be paid out of property of the estate; that the estate be marshaled, and the priority of the debts be established and paid according to law.

This petition is not to be construed as a suit on a note for $8000, given to the American Bank & Trust Company and indorsed to the plaintiff; but the contention of the plaintiff is that it is evidence of the debt and the amount of it. If it were a suit upon this note, it might be that no judgment could be obtained in such a suit except against John L. Wheeler individually and Mrs. H. C. Wheeler; but in the petition facts are alleged which show that the money for which this note was given was used by the executor for the purpose of carrying on extensive farming operations, which were carried on under authority granted by the will. If this money was advanced to the executor for the purpose of carrying on farming operations and it was necessary for that purpose, and if it was authorized by the will of H. C. Wheeler, then the estate is liable for it; and that liability is not divested merely by the fact that the note was signed by John L. Wheeler individually and by Mrs. H. C. Wheeler. The fact that these two persons signed the note may make them individually liable, but does not remove the liability of the estate. The

will contains many provisions. In items 4 and 5 the testator bequeathed and devised to his wife for and during her natural life certain described real estate; and item 11 is as follows: "I direct that my executor shall have the control and management of my farm lands described in items 4 and 5 of this my last will and testament, he to either sell the live stock, farming implements and supplies, and rent out the farm lands, or to hold such personal property and continue such farming operations, under the conditions and stipulations of Item 9 of this will, and the gross income received from such property, in either event, after the payment of actual operating expenses and taxes, shall be paid over by my executor to my said wife, Pauline Wheeler, free of any charge or limitation, for and during her natural life; such income to be paid over to my said wife, Pauline Wheeler, as fast as collected in by my executor, without allowing the same to accumulate, thus making ample provision for her maintenance and support, without any embarrassment to her. While my executor is to have the control and management of said farm lands and farming operations, it is my desire, and I so direct, that he consult and advise with my wife, from time to time, regarding the management and operation of said business, and, so far as possible, conform to her wishes with reference thereto." Item 12 is in part as follows: "In addition to the foregoing provision for the maintenance and support of my said wife, Pauline Wheeler, it is my wish and desire, and I so direct, that she shall be amply provided for in case of accident or sickness, she to receive every possible care, consideration, and attention; and all expenses of physicians, medicines, hospital service, trained nurses, or other attendants and other expenses, shall be chargeable to my estate, and paid by my executor."

In item 9 it was provided: "It is my best judgment, and I so direct, that my personal property, including especially my live stock, farm implements, feed-stuff, and all farm supplies, should be sold by my executor, and my farm lands rented out to the best advantage, as soon as practicable after my death; but should my executor be of a different opinion and think best to continue the farming operations, then he is authorized, by and with the advice and consent of my said wife, Pauline Wheeler, in his discretion, to keep on hand all such personal property and continue such farming operations for such time as they may deem necessary or expedient."

It is manifest from the language of items 9, 11, and 12 that the property described in items 4 and 5 should be under the control and management of the executor, but he was to consult with the wife, so far as possible, as to the management and operation of the business. Farming operations were to be continued; and if the money which is the basis of the plaintiff's claim was advanced to the executor for the purpose of carrying on farming operations, and it was necessary for that purpose, then the creation of such a debt was authorized by the will as we construe it, and the estate is liable for it; because the will of the testator is the law by which the executor is to be controlled and guided in managing the estate, and a debt created for the purposes for which this debt was created was a liability of the estate, and that liability was not divested merely by the fact that the note in question was signed by John L. Wheeler individually and by Mrs. H. C. Wheeler. It makes no difference whether the note was one under seal or not. While the will created in the wife merely a life-estate in the property, under the peculiar terms of this will the entire estate was chargeable with a debt created for the purpose of carrying on the farming operations, as authorized by the will. It follows that the court erred in sustaining the general demurrers and dismissing the petition.

*Judgment reversed. All the Justices concur.*